In re Timothy J. BECKER, Debtor.

George W. LEDFORD, Chapter 13 Trustee, Plaintiff,

v.

SECOND NATIONAL BANK, Defendant.

Bankruptcy No. 3–85–02598.
Adv. No. 3–86–0081.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Aug. 25, 1986.

George W. Ledford, Englewood, Ohio, trustee/plaintiff.

John M. Slavens, Dayton, Ohio, for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon Plaintiff's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

Plaintiff, the Chapter 13 Trustee, filed a complaint against the defendant, Second National Bank, alleging that the defendant made a loan to the debtor, Timothy J. Becker, on November 15, 1985, but did not record its lien on the debtor's certificate of title until December 20, 1985. Because perfection took place after the debtor had filed his petition in bankruptcy, the plaintiff seeks to avoid the transfer as a post-petition transaction under 11 U.S.C. § 549.

A portion of the defendant's answer reads as follows:

"5. The claim of the Plaintiff is barred and estopped by his own conduct who has in writing admitted and acknowledged Defendant's claim as secured, a copy of said document is attached hereto and incorporated herein as Exhibit A.

6. In reliance upon the representation of the Plaintiff, Defendant elected not to object to debtor's plan and has loaned new money to the new purchaser of said automobile.

7. The claim of Plaintiff has been released and/or waived."

After construing all of the well pleaded factual allegations of the non-moving party as true, it can not be said that the plaintiff has clearly established by the pleadings alone that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. *See Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters*, 627 F.2d 853, 855 (8th Cir. 1980). Plaintiff's complaint sets forth the elements necessary for recovery under 11 U.S.C. § 549, but the defenses of estoppel, reliance, and waiver asserted by the defendant *may* be sufficient to defeat the plaintiff's claim. Given the equitable nature of defendant's defenses this court must receive testimony in order to analyze and consider the bare facts presented by parties' pleadings under the entire circumstances and render a judgment.

For the foregoing reasons the motion of plaintiff for judgment on the pleadings is DENIED.